UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

CASE NO.:

STEVEN HELFAND,

    Plaintiff,

vs.

BLOCK, INC.,

    Defendant(s).
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331–1332, 1441, and 1446, Defendant Block, Inc. ("Block"), by and through its undersigned counsel and appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to demand arbitration pursuant to any applicable contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida to the U.S. District Court for the Southern District of Florida, Ft. Lauderdale Division. As grounds in support of this Notice of Removal, Block respectfully states as follows:

### I. PROCEDURAL HISTORY

1.    On or about October 28, 2025, Plaintiff Steven Helfand ("Plaintiff"), representing himself *pro se*, filed a Complaint against Block in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida and assigned Case No. CACE-25-016457. The Complaint expressly asserts claims for alleged violations of the federal Electronic Funds Transfer

1

Act ("EFTA"), 15 U.S.C. § 1693 *et seq*. (*See infra*, Ex. A, Compl., at ¶¶ 23–27), in addition to other state law common law and statutory claims.

2. Block was served in this action on or about November 14, 2025. As such, this Notice of Removal is timely under 28 U.S.C. § 1446.

3. As of the date of this notice, Block has not filed any responsive pleadings to the Complaint.

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. In pertinent part, section 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

## II. FEDERAL QUESTION JURISDICTION EXISTS

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff is asserting claims against Block based upon alleged violations of federal statutes and regulations, including the EFTA.

7. Specifically, Plaintiff maintains that Block failed to comply with federal law by allegedly improperly handling his disputes regarding certain alleged unauthorized transactions on his Cash App account(s). (*See* Ex. A, Compl., at ¶¶ 6–11.)

8. Plaintiff's allegations regarding Block's alleged violations of the EFTA raise substantial questions of federal law that are apparent from the face of the Complaint. Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See, e.g.*, *Edson v. Wells Fargo, N.A.*, No. 3:24cv635/TKW/ZCB, 2025 WL 890737, at *1 (N.D. Fla. Mar. 5, 2025) (acknowledging removal of EFTA claim); *Rallis v. First Gulf Bank, N.A.*, 2008 WL 4724745, at *1 n.1 (N.D. Fla. Oct. 24, 2008) ("Rallis initiated this case in state court.  First Gulf removed the matter to this forum on March 11, 2008, asserting removability based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the EFTA claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the state law claim … The court is satisfied that removal is proper and that jurisdiction lies.").

### III. DIVERSITY JURISDICTION EXISTS

**A. There is Complete Diversity of Citizenship Between the Parties.**

9. In addition to the federal question presented, as discussed above, this Court also has original diversity jurisdiction over this action because Plaintiff's claims satisfy the diversity jurisdiction requirements in 28 U.S.C. § 1332. Specifically, individual claims satisfy the diversity jurisdiction requirements where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

10. Plaintiff alleges that venue is proper in Broward County, Florida and identifies himself as "an individual residing in Broward County, Florida." (*See* Compl., at ¶¶ 3–4.) As such, Plaintiff is a resident and domiciliary of the State of Florida and is therefore a citizen of Florida for purposes of diversity jurisdiction.

3

11. The only defendant named and served in this action to date is Block, Inc., an entity incorporated in Delaware with its principal place of business located in the State of California. Indeed, Plaintiff specifically alleges in the Complaint that Block "is a Delaware corporation…." (*See id.,* at ¶ 2.) Block is therefore a citizen of Delaware and California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

12. Because Plaintiff is a citizen of Florida, and Block is a citizen of Delaware and California, there is complete diversity of citizenship between the parties.

### B. The Amount in Controversy Exceeds the Jurisdictional Threshold.

13. It is apparent from the face of Plaintiff's pleading, as of the date of removal, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Tabraue v. Scottsdale Ins. Co.*, 725 F.Supp.3d 1338, 1340 (S.D. Fla. 2024) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)); *see also Timeshares Direct, Inc. v. Watstein Terepka, LLC*, No. 25-cv-23650, 2025 WL 2989057, at *2 (S.D. Fla. Oct. 24, 2025) (noting that to determine whether the diversity jurisdiction requirements are met, a court first examines whether it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.") (internal citations omitted).

14. In the Complaint, Plaintiff expressly alleges that "[t]his is an action for damages in excess of $100,000.00, exclusive of interest, and costs…." (*See* Compl.*,* at ¶ 1.)

15. As such, both diversity of citizenship and the minimum amount-in-controversy are satisfied here, and the Court has diversity jurisdiction over Plaintiff's claims.

## IV. SUPPLEMENTAL JURISDICTION

17. Furthermore, this Court has supplemental jurisdiction over any Florida state law claims asserted by Plaintiff, including any such claims for breach of contract, negligent and/or intentional infliction of emotional distress, defamation, and/or violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") as alleged in Counts II through V of the Complaint. (*See* Ex. A, Compl., at ¶¶ 28–43.) The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part: "[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." In the instant case, Plaintiff's state law claims are related to the same conduct and underlying facts that form the basis of his federal claim — namely, Block's alleged conduct in servicing his Cash App account(s) and alleged failure to review his disputes regarding certain unauthorized transactions related thereto. (*See generally* Ex. A., Complaint.) Accordingly, removal to this Court is proper under 28 U.S.C. § 1441(a).

## V. ADOPTION AND RESERVATION OF DEFENSES

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Block's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## VI. PROCEDURAL REQUIREMENTS

19. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

20. True and correct copies of "all process, pleadings, and orders" served upon Block to date are attached hereto as **Composite Exhibit "A"** in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Block to date in this case.

21. This removal is timely because it is being filed within thirty (30) days of service of the Complaint on Block. Accordingly, this Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

22. The United States District Court for the Southern District of Florida, Ft. Lauderdale Division, is the court and division embracing the place where this action is pending in state court.

23. Block reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Defendant Block Inc. prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, and for all other such relief as this Court deems just, equitable, and proper.

DATE: December 5, 2025.

    Respectfully submitted,

    */s/ Sara L. Solano*
    **Sara L. Solano, Esq. (FL Bar No. 11796)**
    BURR & FORMAN LLP
    200 East Broward Boulevard, Suite 1020
    Ft. Lauderdale, FL 33301
    Telephone: (954) 414-6220
    Facsimile: (954) 414-6221

         Email: ssolano@burr.com
         Email: rzamora@burr.com
         Email: flservice@burr.com

         Zachary D. Miller, Esq. (FL Bar No. 95669)
         BURR & FORMAN LLP
         222 Second Avenue, Suite 2000
         Telephone: (615) 724-3256
         Facsimile: (615) 724-3356
         Email: zmiller@burr.com
         Email: mhadlow@burr.com
         Email: sfoshee@burr.com

         *Counsel for Defendant*
         BLOCK INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 5, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF. **I HEREBY FURTHER CERTIFY** that a copy of the aforesaid has been served via electronic mail upon:

Steven Helfand
SHAC – Attn: Guest Steven Helfand (Bunk 4E)
2056 Scott Street
Hollywood, FL 33020
Email: Newimage2025z@icloud.com
*Pro Se Plaintiff*

         */s/ Sara L. Solano*
         Sara L. Solano, Esq. (FL Bar No. 11796)
         BURR & FORMAN LLP