# EXHIBIT "A"

17th
CIRCUIT IN AND FOR __Broward__ COUNTY, FLORIDA

Steven Helfand

Plaintiff/Petitioner or In the Interest of

vs.

Block, Inc.

Defendant//Respondent

CASE NO._____

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

1. **I have** __0__ **dependents.** *(Include only those persons you list on your U.S. Income tax return.)*

**Notice to Applicant:** *If you qualify for civil indigent status the filing and summons fees are waived; other costs and fees are not*

Net you married? - - - - yes - - - - no - - - Does your spouse work? - - - - yes - - - - no - - - Your annual spouse income?

2. **I have a net income of $** __0.00__ paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other __No income - Zero__
*(Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)*

3. **I have other income** paid ( ) weekly ( ) every two weeks ( ) semi-monthly (✓) monthly ( ) yearly ( ) other __$292 per month : $__ Snap
*(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")*

| | | | |
|---|---|---|---|
| Second Job | Yes $ __0__ No | Veterans' benefits | Yes $ __0__ No |
| Social Security benefits | | Workers compensation | Yes $ __0__ No |
| For you | Yes $ __0__ No | Income from absent family members | Yes $ __0__ No |
| For child(ren) | Yes $ 0.00 No | Stocks/bonds | Yes $ __0__ No |
| Unemployment compensation | Yes $ __0__ No | Rental income | Yes $ __0__ No |
| Union payments | Yes $ __0__ No | Dividends or interest | Yes $ __0__ No |
| Retirement/pensions | Yes $ __0__ No | Other kinds of income not on the list | Yes $ 292 SNAP No |
| Trusts | Yes $ 0.00 No | Gifts | Yes $ __0__ No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. **I have other assets:** *(Circle "yes" and fill in the value of the property, otherwise circle "No")*

| | | | |
|---|---|---|---|
| Cash | Yes $ __0__ No | Savings account | Yes $ __0__ No |
| Bank account(s) | Yes $ 1.00 No | Stocks/bonds | Yes $ __0__ No |
| Certificates of deposit or | | Homestead Real Property* | Yes $ 0 No |
| Money market accounts | Yes $ __0__ No | Motor Vehicle* | Yes $ __0__ No |
| Boats* | Yes $ __0__ No | Non-homestead real property/real estate* | Yes $ __0__ No |
| | | Other assets* | Yes $ __0__ No |

Check one: (✓) DO ( ) DO NOT expect to receive more assets in the near future. The asset is __1,000.00 check from insurance__.

5. **I have total liabilities and debts of $** 445,000.00 as follows: Motor Vehicle $ 0.00 , Home $ __0__ , Boat $ __0__ , Non-homestead Real Property $ 0.00 , Child Support paid direct $ 0.00 , Credit Cards $ 45,000.00 , Medical Bills $ 100,000.00 , Cost of medicines (monthly) $ 0.00 , Other $ IRS: $300,000.00

6. **I have a private lawyer in this case** ..........____Yes      __XX__No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. **I attest that the information I have provided on this application is true and accurate to the best of my knowledge.**

Signed on __October 19__ , 20 __25__ .

__1971__             __200-0__
Year of Birth     Last 4 digits of Driver License or ID Number
Email address: __Newimage2025z@icloud.com__

Signature of Applicant for Indigent Status

Print Full Legal Name __Steven Helfand__
Phone Number/s: __754-257-8945 / 786-580-6821__

SHAC: Attn Guest: Steven Helfand, 2056 Scott Street, Hollywood, Fl 33020: Homeless Shelter, the caring place

Address: Street, City, State, Zip Code

This form was completed with the assistance of: _____
Clerk/Deputy Clerk/Other authorized person.

----------------------------------------------------

## CLERK'S DETERMINATION      Indigent

Based on the information in this Application, I have determined the applicant to be ( ) Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on _____      OCT 28 2025

Clerk of the Circuit Court
By _____, Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.**
Sign here if you want the judge to review the clerk's decision _____

Filing # 234612017 E-Filed 10/28/2025 01:01:28 PM

# IN THE CIRCUIT COURT OF THE

# SEVENTEENTH JUDICIAL CIRCUIT IN AND

# FOR BROWARD COUNTY, FLORIDA

**CASE NO.:** [TO BE ASSIGNED]

**DIVISION:**

DATE: 11-14-25
HOUR: 1120
DEPUTY SHERIFF

**STEVEN HELFAND**, Plaintiff,

v.

**BLOCK, INC.** (d/b/a Cash App, a Delaware Corporation), Defendant.

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Complaint 1

Plaintiff, STEVEN HELFAND, in pro se, sues Defendant, BLOCK, INC., and alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action for damages in excess of $100,000.00, exclusive of interest, and costs, placing the action within the jurisdiction of the Circuit Court.

2. Defendant, BLOCK, INC., is a Delaware corporation that actively transacts business in Broward County, Florida, by providing financial services to Florida residents, including the Plaintiff, through its Cash App application.

3. Venue is proper in the 17th Judicial Circuit, Broward County, Florida, pursuant to Florida Statutes $\S$ 47.051$ and $\S$ 47.021$, as the cause of action accrued in Broward County, Florida, and the Defendant conducts business in this county.

## II. PARTIES

4. Plaintiff, STEVEN HELFAND (hereinafter "Plaintiff"), is an individual residing in Broward County, Florida.

5. Defendant, BLOCK, INC. (hereinafter "Defendant" or "Cash App"), is a corporation operating the Cash App financial service, which is subject to the jurisdiction of this Court.

## III. STATEMENT OF FACTS

6.  Plaintiff maintained, at all relevant times, Cash App accounts identified by various tags, including $stevescashcard4078 and $stevenhelfand3, among others.

7.  Beginning on or about **September 27, 2025**, and continuing through **October 16, 2025**, Plaintiff's account was subjected to unauthorized and/or fraudulent merchant transactions totaling at least **$1,189.92** (hereinafter "Disputed Transactions").

8.  Plaintiff timely disputed these transactions, thereby triggering the Defendant's mandatory obligations under the federal Electronic Fund Transfer Act (EFTA) and Regulation E (12 C.F.R. $\S$ 1005.11$).

9.  Defendant violated its statutory duties by failing to conduct a reasonable and timely investigation and, most critically, by **failing to provide Provisional Credit** for the disputed amounts within the mandatory ten (10) business days (12 C.F.R. $\S$ 1005.11(c)(2)$).

10. Beyond the failure to provide provisional credit, Defendant systematically employs a practice of **sanitizing its account statements** to extinguish consumer claims by allowing disputes to expire without action, vanishing entirely from the account record after the account closure. This constitutes corporate governance and financial fraud designed to misrepresent the true liability of the Defendant.

11. The Cash App Card was used to effectuate a transaction via a PayPal account. Plaintiff disputed this transaction on both the Cash App and PayPal platforms.

12. **PayPal granted Plaintiff's dispute and issued a refund of $105.00**, confirming the funds were processed to the Defendant's card issuer on or about **October 7, 2025**.

13. Despite the action by PayPal, which inherently confirmed the legitimacy of the dispute, Cash App, applying incorrect standards of review and misapplying the law as a generalized business practice, **illegally refused to credit the $105.00** and made **baseless accusations of fraud** against the Plaintiff.

14. Only after complex and persistent attempts by Plaintiff to submit documentation was the **$105.00 finally credited on October 22, 2025**, demonstrating the funds were wrongfully withheld by the Defendant for over two weeks. Defendant's retention of these refund funds, which are instantaneous transactions, allows it to illegally **float money** in the form of free loans, making the delay particularly egregious and demonstrating an intentional profit motive.

15. Further demonstrating the bad faith of Defendant's actions, Plaintiff was later notified that he had **prevailed on a separate $25.00 dispute claim**. However, due to the retaliatory account closure (described below), the Defendant made it nearly impossible to promptly access these confirmed funds.

16. **AI Dispute Failure:** Defendant relies on **untrained Artificial Intelligence (AI) devices** to adjudicate disputes while **falsely claiming that consumers are dealing with live human operators**. The AI devices provide circular, non-responsive arguments, which intentionally waste time, compound the Plaintiff's efforts, and directly exacerbate the damages sustained.

17. The Defendant's cumulative failure to comply with EFTA and timely provide provisional credits, its dereliction of duty in proper investigation and rote denial of claims, and its prolonged, bad-faith withholding of the $105.00 refund and subsequent $25.00 credit caused Plaintiff to be unable to access essential funds.

18. This direct denial of access resulted in a chain of catastrophic consequential harms, including but not limited to, rendering the Plaintiff **homeless and without food for seven (7) days.**

19. Plaintiff is an **HIV-positive individual**, and the Defendant's willful actions directly prevented Plaintiff from filling critical prescriptions, affording necessary transportation, and keeping medical appointments, thereby **exacerbating a serious medical condition.**

20. On **October 17, 2025**, in retaliation for Plaintiff's multiple formal disputes, and in a pattern of systemic bad-faith conduct, the Defendant **cancelled the Plaintiff's Cash App Card with no warning**, rendering the Plaintiff completely penniless and cutting off access to all remaining funds.

21. Shortly thereafter, the Defendant offered to reopen the account only if Plaintiff agreed to pay an unnecessary fee (either $5 or $50) for a replacement card and attempted to **trick Plaintiff into changing the mandatory arbitral forum** from the National Arbitration and Mediation (NAM) to the American Arbitration Association (AAA). This conduct, coupled with intelligence suggesting Defendant has potentially tainted both NAM and AAA by offering undisclosed side-payments for consulting services, evidences a malicious intent to obstruct Plaintiff's access to justice.

22. This pattern of willful conduct—failing to investigate, denying disputes through defective AI systems, making false accusations of fraud, and retaliatiorily shutting down the account—constitutes willful, wanton, and malicious behavior intended to defraud and coerce the consumer.

## IV. CAUSES OF ACTION

## COUNT I: VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT (15 U.S.C. § 1693f et seq.)

23. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22.

24. The Disputed Transactions constitute "unauthorized electronic fund transfers" or "errors" within the meaning of 15 U.S.C. $\S$ 1693f$ and 12 C.F.R. $\S$ 1005.11$.

25. Defendant violated the EFTA and Regulation E by failing to investigate the errors promptly and by failing to provisionally credit the Plaintiff's account for the amount in dispute within ten (10) business days after the initial notice of the dispute (12 C.F.R. $\S$ 1005.11(c)$).

26. Defendant's actions were willful and intentional, designed to retain and float consumer funds for profit.

27. Pursuant to 15 U.S.C. $\S$ 1693m$, Plaintiff is entitled to recover actual damages, statutory damages, and costs.

## COUNT II: BREACH OF CONTRACT

28. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22.

29. The Cash App Terms of Service constituted a valid and enforceable contract.

30. The Defendant breached the contract by failing to honor its own dispute resolution process, failing to provide the Provisional Credit as required by the incorporated EFTA/Regulation E rules, and engaging in unauthorized and retaliatory account closure without cause.

31. As a direct and proximate result of the Defendant's breach, Plaintiff suffered the damages outlined herein.

## COUNT III: NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22.

33. The Defendant's conduct in withholding necessary funds, making **false accusations of fraud**, failing to provide the EFTA-mandated provisional credit, and then retaliatorily cancelling the Plaintiff's card, rendering him homeless and without necessary medication, was **extreme and outrageous** and goes beyond all possible bounds of decency.

34. The Defendant acted with actual knowledge that its conduct would likely result in severe distress, particularly given the Plaintiff's disclosed vulnerability.

35. The Defendant's conduct caused the Plaintiff to suffer severe and debilitating emotional distress, for which he seeks full compensation.

**COUNT IV: DEFAMATION (Slander/Libel)**

36. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22.

37. In communications regarding the disputed transactions, the Defendant, through its agents and automated systems, made false, unprivileged statements to the Plaintiff and others accusing him of **perpetuating a fraud**.

38. These statements are defamatory per se, as they impugn the Plaintiff's character and business integrity.

39. The Defendant acted with actual malice, knowing the statements were false or with reckless disregard for the truth, given that one dispute was granted by PayPal and a second was internally granted by Cash App.

40. As a direct result of the Defendant's defamatory statements, Plaintiff is entitled to damages, including injury to reputation and mental suffering.

**COUNT V: UNFAIR AND DECEPTIVE TRADE PRACTICES (Fla. Stat. § 501.201 et seq.)**

41. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22.

42. The Defendant's routine practice of using inadequate and defective AI systems for dispute resolution, making **false and libelous accusations of fraud against consumers**, denying claims without proper investigation, and subsequently engaging in retaliatory account closure constitutes **unfair and deceptive trade**

**practices** in violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

43. The Defendant's practices are likely to injure consumers, and Plaintiff suffered actual damages as a result.

## VII. DEMAND FOR JURY TRIAL

47. Plaintiff demands a trial by jury on all issues so triable.

## VIII. DAMAGES

Plaintiff claims the following specific damages:

1. **Direct Actual Damages:** Reimbursement for all Disputed Transactions totaling **$1,164.92** ($\text{\$1,189.92 original total} - \text{\$25.00 successful dispute already recovered}$).

2. **Consequential Damages:** Compensation for all financial and physical harm, including costs associated with homelessness, lack of sustenance, transportation costs, and the exacerbation of medical conditions.

3. **Emotional Distress and Defamation Damages:** Compensation for the severe emotional and physical distress and injury to reputation suffered.

4. **Statutory Damages:** Damages recoverable under the EFTA and FDUTPA.

5. **Injunctive Relief:** An order compelling the Defendant to immediately reverse the retaliatory card cancellation and correct all erroneous, sanitized account records.

\\\

\\\

\\\

**WHEREFORE**, Plaintiff STEVEN HELFAND demands judgment against Defendant

BLOCK, INC., for compensatory damages, consequential damages, statutory damages,

and costs in excess of the jurisdictional minimum, an award of attorneys' fees, and any

other relief the Court deems just and equitable.

Respectfully submitted,

Dated: October 28, 2025

Respectfully submitted,

STEVEN HELFAND, PRO SE

Newimage2025z@icloud.com

Mobile: 754-257-8945 Mobile: 786-580-6821

Homeless Shelter Address:

SHAC - Attn: Guest Steven Helfand (Bunk 4E)

2056 Scott Street Hollywood, Florida 33020

Filing # 234612017 E-Filed 10/28/2025 01:01:28 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>steven helfand</u>
Plaintiff                                                                   Case # _____

                                                                           Judge _____

vs.
<u>Block, Inc.</u>
Defendant

---

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.     TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☒ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
　　　☐ Residential Evictions
　　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

　　5

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
　　☐ yes
　　☒ no

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
　　☒ no
　　☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
　　☒ yes
　　☐ no

**IX.** **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
　　☐ yes
　　☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ steven helfand　　　　　　　　Fla. Bar #
　　　　　Attorney or party　　　　　　　　　　　(Bar # if attorney)

steven helfand　　　　　　　　10/28/2025
(type or print name)　　　　　　　Date

- 3 -

Filing # 235184562 E-Filed 11/05/2025 12:26:09 PM

# In the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida

**Case No.:** CACE-25-016457

DATE: *11-14-25*
HOUR:
DEPUTY SHERIFF

**Plaintiff:**

**STEVEN HELFAND, PRO SE** *Primary Address for Service:* SHAC - Attn: Guest Steven Helfand (Bunk 2) 2056 Scott Street Hollywood, Florida 33020 *Contact:* Newimage2025z@icloud.com / 754-257-8945 / 786-580-6821

-vs-

**Defendant: BLOCK, INC. (d/b/a Cash App, a Delaware Corporation)**

***Address for Service (Registered Agent):* C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.**

**THE STATE OF FLORIDA**

**TO THE DEFENDANT, ,BLOCK, INC. (d/b/a Cash App, a Delaware Corporation)**

**YOU ARE HEREBY NOTIFIED** that an action has been commenced against you in this court by the above-named Plaintiff(s) to recover upon the claim(s) detailed in the Complaint, a copy of which is attached to this summons.

You are required to serve a copy of your written defenses, if any, to it on the Plaintiff, whose name and address are: **STEVEN HELFAND, PRO SE, 2056 Scott Street, Hollywood, Florida 33020**, and file the original of the defenses with the Clerk of this Court, which is located at:
**Broward County Clerk of Court - Main Office** 540 SE 3rd Avenue, Midrise Building, 2nd Floor Fort Lauderdale, FL 33301

within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to serve or file your defenses or a motion to dismiss, a default will be entered against you for the relief demanded in the Complaint.

DATED on: NOV 06 2025

**(OFFICIAL CLERK SEAL)**
**BRENDA FORMAN** *Clerk of the Circuit Court* Broward County, Florida



BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/05/2025 12:26:08 PM.****

### IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE25016457**   DIVISION: **25**   JUDGE: **Olefson, Shari Africk (25)**

**Steven Helfand**

Plaintiff(s) / Petitioner(s)

v.

**Block, Inc.**

Defendant(s) / Respondent(s)

_____/

## ORDER TO SERVE DEFENDANT(S)

THIS NEWLY FILED CAUSE is before the Court for review based upon its case management obligations. Plaintiff is hereby placed on notice that it must complete service of process within 120 days of Complaint filing, to be in compliance with Florida Rule of Civil Procedure 1.070 (Deadline).

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff shall serve all Defendant(s) by the Deadline. Failure to serve in compliance with Rule 1.070 may result in dismissal of unserved Defendant(s), or dismissal of the entire action, without further notice or hearing.

2. If Plaintiff is unable to serve by the Deadline, Plaintiff may file a Motion to Extend Service promptly and prior to the Deadline, and upload a proposed Order to the portal. The Motion must contain specific detail showing good cause or excusable neglect for the failure and what steps have been taken and are being undertaken to serve and reflect that an Affidavit reflecting ongoing efforts will be filed by the first day of each month until served. No extension will be granted unless a timely proper Motion is filed, including a proper Affidavit of Due Diligence reflecting all efforts to serve. Failure to timely serve absent good cause or to reflect sufficient efforts in the monthly Affidavit may result in the case or any unserved Defendant(s) being dismissed without further notice or hearing.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 6th day of November, 2025.

_CACE25016457 11-06-2025 1:21 PM_
Hon. Shari Africk Olefson
**CIRCUIT COURT JUDGE**
Electronically Signed by Shari Africk Olefson

Case Number: CACE25016457

**Copies Furnished To:**

steven helfand , E-mail : newimage2025z@gmail.com
steven helfand , E-mail : s.helfand1400@gmail.com
steven helfand , E-mail : newimage2025z@icloud.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWER COUNTY, FLORIDA

CASE NO.: **CACE25016457**

JUDGE: **Olefson, Shari Africk (25)**

**Steven Helfand**

Plaintiff(s),

vs.

**Block, Inc.**

Defendant(s).

_____/

## UNIFORM CASE MANAGEMENT ORDER
### (CIRCUIT CIVIL GENERAL TRACK)

## ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY

THE DEADLINES LISTED HEREIN **MUST** BE **STRICTLY ENFORCED** UNLESS CHANGED BY COURT ORDER. STRICT COMPLIANCE MEANS NO CONTINUANCES OR EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH GOOD CAUSE, PURSUANT TO IN RE: AMEND. TO FLA. R. CIV. P., NO. SC23-0962 (December 5, 2024), FLA. R. CIV. P. 1.200, FLA. R. CIV. P. 1.460, AND FLA. R. GEN. PRAC. & JUD. ADMIN. 2.545(e).

FAILURE TO ATTEND A <u>MANDATORY</u> CASE MANAGEMENT CONFERENCE MAY RESULT IN THE COURT DISMISSING THE ACTION, ENTERING A DEFAULT, STRIKING THE PLEADINGS, LIMITING PROOF OF WITNESSES, OR ANY OTHER APPROPRIATE ACTION AGAINST THE PARTY FAILING TO ATTEND. (Fla. R. Civ. P. 1.200(j)(6)).

THIS CASE MANAGEMENT ORDER SUPERSEDES ANY PRIOR CASE MANAGEMENT ORDER ENTERED IN THIS CASE.

This case has been designated to the **GENERAL CIVIL TRACK**. The deadlines established by this Order are to ensure the case is disposed of within <u>18 months</u> from the date of service of initial process on the last defendant <u>or</u> 120 days after commencement of the action as provided in rule 1.050, whichever occurs first. Accordingly, the following procedures and deadlines shall be strictly observed by the parties and enforced by the court:

1. <u>SCHEDULING OF A MANDATORY CASE MANAGEMENT CONFERENCE</u>:
   [ **X** ](Applicable if checked): A **MANDATORY** Case Management Conference will be held on zoom in Courtroom **https://17thflcourts.zoom.us/j/975531891** on **02-24-2026 8:45 AM**
   .

   During the case management conference, the Court may elect to hear any pending motion, even if the parties have not identified the motion as an issue to be resolved. Motions for summary judgment and matters requiring an evidentiary hearing may not be heard unless agreed to by the parties and the court. (Fla. R. Civ. P. 1.200(j)(2)).
   **On any matters ruled upon, unless otherwise ordered, within five (5) days following the Case Management Conference, counsel for Plaintiff(s) shall prepare an order pursuant to Florida Rule of Civil Procedure 1.200(j)(5).**

2. <u>COMPLAINT</u>: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Fla. R. Civ. P. 1.070(j)).

3. <u>NOTICE OF SERVICE OF COMPLAINT</u>: Upon service of the complaint on the last of all named defendants in a civil action, the plaintiff will file a Notice of Service and provide a courtesy copy of the Notice of Service to the assigned trial judge. A fillable PDF form "Notice of Service" is available on the Circuit's webpage (www.17th.flcourts.org).

4. <u>TRIAL</u>: Trial will be set in accordance with Florida Rule of Civil Procedure 1.440. The court will issue a separate Uniform Trial Order scheduling Calendar Call and setting the Trial Period. The action no longer needs to be "at issue" prior to the case being set for trial. The failure of the pleadings to be closed will not preclude the court from setting a case for trial. (Fla. R. Civ. P. 1.440).

5. <u>INITIAL DISCOVERY DISCLOSURES</u>:
   A. Parties must make initial discovery disclosures required by Florida Rule of Civil Procedure 1.280 **within 60 days after the service of the complaint or joinder**, unless a different time is set by court order. Pursuant to Local Rule 10A, a party may file a motion for ex parte relief where no motion for extension of time has been filed and the nonmoving party has completely failed to comply with Florida Rule of Civil Procedure 1.280(a).

   B. A party may not seek discovery from any source before that party's initial disclosures are served on the other party, except when authorized by stipulation or by court order. (Fla. R. Civ. P. 1.280(f)(1)).

   C. As set forth in Rule 1.280(a)(1), initial discovery disclosures include:
      1. The name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

2. A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

3. A computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

4. A copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

D. A party who has made a disclosure under this rule or who has responded to an interrogatory, a request for production, or a request for admission **must** supplement or correct its disclosure or response: (a) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (b) as ordered by the court. (Fla. R. Civ. P. 1.280(g)).

6. NOTICE OF RELATED CASE(S) (i.e., cases involving the same parties, same subject matter or incident, or same property at issue): The Parties shall file a Notice of Related Case(s) within thirty (30) days from the date of this Order identifying any and all related cases.

7. ATTORNEY/PRO SE PARTY PREPARATION: Attorneys and self-represented litigants who appear at a case management conference **MUST** be prepared on the pending matters in the case, be prepared to make decisions about future progress and conduct of the case, and have authority to make representations to the court and enter into binding agreements concerning motions, issues, and scheduling. If a party is represented by more than 1 attorney, the attorney(s) present at a case management conference must be prepared with all attorneys' availability for future events. (Fla. R. Civ. P. 1.200(j)(3)).

8. ATTORNEY/PRO SE PARTY CERTIFICATION AND VERIFICATION REQUIREMENTS OF USE OF AI TECHNOLOGIES:

An attorney may ethically utilize AI technologies but only to the extent that the lawyer can reasonably guarantee compliance with the lawyer's ethical obligations. Attorneys must comply with Florida law and the applicable Rules Regulating the Florida Bar. (*See* Florida Bar Ethics Opinion 24-1 (Jan. 19, 2024)).

If any attorney or pro se party submits to the court any filing or submission containing AI-generated content, that attorney or pro se party must disclose the use of artificial intelligence

on the face of the document **and** also must include a certification that the attorney or pro se party has personally reviewed and verified the content's accuracy. Failure to include this certification or comply with this verification requirement will be grounds for sanctions, as permitted by law.

9. CASE MANAGEMENT DEADLINES:

A. **DEADLINES IN THIS CASE MANAGEMENT ORDER <u>MUST</u> BE STRICTLY ENFORCED UNLESS CHANGED BY COURT ORDER FOR GOOD CAUSE SHOWN. (Fla. R. Civ. P. 1.200(e)(1)).**

B. Notices of unavailability and/or inability to comply with the deadlines have no effect on the case management deadlines set by this order. If a party is unable to comply with a deadline, including due to the unavailability of hearing time, the party must take action consistent with Florida Rule of Civil Procedure 1.200(e)(1). (Fla. R. Civ. P. 1.200(f)-(g)).

10. CASE MANAGEMENT AND TRIAL DEADLINES:

The following deadlines apply unless otherwise modified by the Court.

| | EVENTS | COMPLETION DEADLINE |
|---|---|---|
| 1. | Service of Complaint | 120 days from filing; Service under extension is only by court order. |
| 2. | Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* | 120 days before Calendar Call (must be set within 10 days of filing to be heard within 60 days) |
| 3. | Pleading Amendments/Adding New Parties | 120 days before Calendar Call |
| 4. | Disclosure of Fact Witnesses/Lists | 150 days before Calendar Call |
| 5. | Disclosure of Expert Witnesses/Lists | 120 days before Calendar Call |
| 6. | Completion of Compulsory Examinations | 120 days before Calendar Call |
| 7. | Disclosure of Rebuttal Witnesses/Lists | 100 days before Calendar Call |
| 8. | Completion of all Discovery (including expert discovery) | 30 days before Calendar Call (must be initiated 90 days before Calendar Call) |
| 9. | Filing of all Dispositive Motions and Motions for Summary Judgment | 90 days before Calendar Call |
| 10. | Expert Challenges and Deposition Objections | 45 days before Calendar Call (must be filed and heard) |
| 11. | Filing of all Pretrial Motions (including Motions in Limine) | 30 days before Calendar Call |

| | | |
|---|---|---|
| 12. | Deposition Designations | 20 days before Calendar Call |
| 13. | Deadline for Mediation | 60 days before Calendar Call |

11. <u>WITNESS LISTS</u>**:**

**A. NO LATER THAN ONE HUNDRED AND FIFTY (150) DAYS PRIOR TO CALENDAR CALL:**

<u>Fact Witnesses</u>:
Parties must file and serve a list of names and addresses of all fact witnesses who are expected to testify at trial. Each party's fact witness list must include a brief description of the substance and scope of the testimony to be elicited from such witness. Both sides must cooperate in the scheduling of such witness depositions.

**B. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**

<u>Expert Witnesses</u>:

1. At the time of disclosure of all expert witnesses, the parties shall file and serve the names and addresses of all expert witnesses to be called at trial, including their complete and updated curriculum vitae, and all information regarding expert testimony that is required by Fla. R. Civ. P. 1.280(c)(5). Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. Both parties shall cooperate in the scheduling of expert depositions.
2. The parties shall also provide answers to standard form expert interrogatories pursuant to Fla. R. Civ. P. 1.280(c)(5). All reports or other data compiled by each disclosed expert which is intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to the opposing party at least 72 hours prior to the date of the scheduled deposition.

**C. NO LATER THAN ONE HUNDRED (100) DAYS PRIOR TO CALENDAR CALL:**

<u>Rebuttal Witnesses</u>:
Parties must file and serve a list of names and addresses of any rebuttal witnesses within one hundred (100) days prior to Calendar Call.

12. <u>COMPULSORY MEDICAL EVALUATIONS ("CME")</u>**:**

**A. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**

All CME and other examinations pursuant to Florida Rule of Civil Procedure 1.360 must be

completed no later than one hundred and twenty (120) days prior to Calendar Call.

13. <u>DISCOVERY DEADLINES</u>:

### A. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:

All final discovery must have been <u>initiated</u> at least ninety (90) days prior to Calendar Call.

### B. NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:

Parties must <u>complete</u> all discovery, including expert discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(5), at least thirty (30) days prior to Calendar Call. Discovery conducted after this time period is strongly disfavored and will only be permitted by order of the Court under exceptional circumstances.

### C. ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY:

ESI discovery procedures are governed by Seventeenth Judicial Circuit Administrative Order 2021-20-Gen, a copy of which is available on the Circuit's webpage (www.17th.flcourts.org).

14. <u>MOTIONS</u>:

### A. CONFERRAL PRIOR TO FILING MOTIONS:

Before filing a non-dispositive motion, the movant **MUST** confer with the opposing party in a good-faith effort to resolve the issues raised in the motion **AND** at the end of the motion and above the signature block, the movant **MUST** include a certificate of conferral. (Fla. R. Civ. P. 1.202(a)-(b)). **The parties are expected to confer and attempt to resolve the issues raised in the motion before reserving hearing time**.

The requirements of rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel (pro se). (Fla. R. Civ. P. 1.202(c)).

### B. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:

1. <u>Motions to Add a Party or Parties or to Amend the Pleadings</u>: must be filed and set for hearing no later than one hundred and twenty (120) days before Calendar Call absent good cause shown. The deadline shall not conflict with Florida Rule of Civil Procedure 1.190(e), and the motion may be denied if there has been undue delay, bad faith, prejudice to the opposing side, dilatory motive on the part of the moving party or when the amendment would be futile.

2. <u>Motions/Objections Directed to the Pleadings</u>: all objections to the pleadings must be filed and set for hearing no later than one hundred and twenty (120) days before Calendar Call. **The motion/objection MUST be set within ten (10) days of filing of**

the motion/objection to be heard within sixty (60) days.

## C. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:

1. <u>Motions for Summary Judgment and other Dispositive Motions</u>: must be filed no later than ninety (90) days before Calendar Call. Motions for summary judgment will not be heard at or after Calendar Call unless approved by the court. If the Court has granted the parties' request for a hearing on the motion, but a hearing is not available prior to the deadline, the parties shall submit the fully briefed motion and opposition (if any) to the court prior to the expiration of the deadline, and the court can rule on those motions on the papers. Failure to timely submit the paperwork to the court will deem those motions abandoned.

2. <u>Response to Motion for Summary Judgment</u>: the response and supporting factual position must be served no later than forty (40) days after service of the motion for summary judgment. (Fla. R. Civ. P. 1.510(c)(5)).

## D. NO LATER THAN FORTY-FIVE (45) DAYS PRIOR TO CALENDAR CALL:

1. <u>Expert Challenges</u>: motions challenging an expert witness ("Expert Challenges"), must be filed and heard no later than forty-five (45) days before Calendar Call.

2. <u>Deposition Objections</u>: objections raised in depositions expected to be introduced at trial must be filed and heard no later than forty-five (45) days before Calendar Call.

## E. NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:

1. <u>Motions in Limine</u>: must be filed no later than thirty (30) days prior to Calendar Call. If the Court has granted the parties' request for a hearing on the motion, but a hearing is not available prior to the deadline, the parties shall submit the fully briefed motion and opposition (if any) to the court prior to the expiration of the deadline, and the court can rule on those motions on the papers. Failure to timely submit the paperwork to the court will deem those motions abandoned.

2. <u>Pretrial Motions</u>: must be filed and heard no later than thirty (30) days prior to Calendar Call. All motions, other than motions in limine, not heard before Calendar Call will be deemed abandoned.

## F. NO LATER THAN TWENTY (20) DAYS PRIOR TO CALENDAR CALL:

1. <u>Deposition Designations</u>: no later than twenty (20) days prior to Calendar Call, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony.

15. <u>JOINT PRETRIAL STIPULATION</u>:

## A. NO LATER THAN TEN (10) DAYS PRIOR TO CALENDAR CALL:

1. The Joint Pretrial Stipulation contemplates a single document that must be filed and served, **with a courtesy copy served on the undersigned judge**, no later than ten (10) days prior to Calendar Call.
2. The Joint Pretrial Stipulation requires that all agreed matters be fully identified and any disputed matters be specifically delineated with respect to each party.

## B. THE JOINT PRETRIAL STIPULATION MUST CONTAIN THE FOLLOWING IN SEPARATELY NUMBERED PARAGRAPHS:

1. Statement of the Facts: A concise, impartial statement of the facts of the case.
2. Stipulated Facts: A list of those facts that can be stipulated and require no proof at trial.
3. Statement of Disputed Law and Fact: A concise, impartial statement of those issues of law and fact that are to be tried.
4. Exhibit Lists: Each party must separately list all exhibits they intend to introduce into evidence. Each item must be listed by number and description on a separate schedule attached to the Joint Pretrial Stipulation. Each exhibit must be specifically described. **Generic descriptions of exhibits are subject to being stricken.** If any party objects to the introduction of any such exhibit, such objection **must be stated in the Joint Pretrial Stipulation**, setting forth the grounds with specificity. All exhibits must have been made available to all parties for examination no later than ten (10) days before Calendar Call. Parties must initial each other's exhibit lists and exhibits. **At trial, only those exhibits properly listed and initialed may be offered into evidence**.
5. Demonstrative Exhibits: all demonstrative exhibits (e.g., charts, graphs, enlargements of exhibits, etc.) intended to be used at a jury trial must be displayed to all parties at least ten (10) days before Calendar Call. **Objections to a demonstrative exhibit must be disclosed in the pretrial stipulation or will be deemed waived.**
6. Witness Lists: Parties must furnish a written list containing the names and addresses of all witnesses intended to be called at trial in alphabetical order. Such list must designate the type of witness ("expert," "rebuttal," "impeachment," or otherwise) and must be attached to the Joint Pretrial Stipulation. All fact witness lists must include a brief description of **the substance and scope of the testimony** to be elicited from such witness. All expert witness lists must **designate the expert's specialties**. If any party objects to any witness, such objection must be stated in the Joint Pretrial Stipulation, setting forth the grounds with specificity. **At trial, only those witnesses properly and timely disclosed will be permitted to testify**.
7. Jury Instructions: If the trial is a jury trial, the parties must identify all agreed upon standard instructions and all special instructions. Copies of all agreed upon jury instructions and disputed jury instructions must be attached to the Joint Pretrial Stipulation identifying the party that proposed the instruction, along with copies of supporting statutory citations and/or case law.
8. Verdict Forms: If the trial is a jury trial, the jury verdict form must be designated as

"agreed to" or "disputed" and must be attached to the Joint Pretrial Stipulation.

9. <u>Peremptory Challenges</u>: If the trial is a jury trial, the number of peremptory challenges for each party must be stated and attached to the Joint Pretrial Stipulation.

10. <u>Pending Motions</u>: Parties must set forth a list of all pending motions with copies attached to the Joint Pretrial Stipulation.

11. <u>Trial Estimate</u>: Each party must provide an estimate of the number of trial days required for presenting its side of the case.

12. <u>Expert Challenges</u>: All motions challenging an expert witness must be filed and heard no later than forty-five (45) days before Calendar Call. FAILURE TO DO SO MAY CONSTITUTE A WAIVER OF ANY EXPERT RELATED EVIDENCE ISSUE(S). It is within the discretion of the Court to remove any case with pending expert issues.

16. <u>COURT POLICIES</u>:

A. Parties must do all things reasonable and necessary to assure the availability of witnesses for the entire Trial Period or to otherwise preserve witness testimony for trial as provided by the Florida Rules of Civil Procedure. *See* Fla. R. Civ. P. 1.300 & 1.460; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.545.

B. The requirements of this Order cannot be waived by stipulation **absent prior approval from the Court** pursuant to written agreement between the parties.

C. This Order may be tailored by the assigned Division Judge to conform to the particular requirements of the residential foreclosure and complex litigation divisions.

D. At trial, there will only be one (1) official record transcribed by one (1) court reporter. Plaintiff is responsible for arranging for a court reporter unless otherwise agreed to by the parties. If a conflict exists, the parties must resolve it among themselves prior to Calendar Call.

17. <u>TRIAL CONTINUANCES</u>:

A. The parties must satisfy the requirements of Rule 1.460 to change the trial period.

B. **A motion to continue is disfavored and will rarely be granted. No continuances will be granted without Court Order upon written motion setting forth good cause pursuant to In re: Amend. to Fla. R. Civ. P., No. SC23-0962 (December 5, 2024), Fla. R. Civ. P. 1.460, and Fla. R. Gen. Prac. & Jud. Admin. 2.545(e). All motions seeking a continuance must comply with Fla. R. Civ. P. 1.460 and Fla. R. Gen. Prac. & Jud. Admin. 2.545.**

C. A motion to continue trial must be in writing unless made at trial and, except for good cause shown, must be signed by the named party requesting the continuance. The motion must be filed promptly after the appearance of good cause to support such motion. Failure to properly request a continuance may be a basis for denying the motion to continue. (Fla. R. Civ. P. 1.460(b)-(c) and Fla. R. Gen. Prac. & Jud. Admin. 2.545(e)).

D. All motions for continuance, even if agreed, must state with specificity as set forth in rule 1.460(d).

E. **NO** CONTINUANCES will be granted based on the lack of due diligence in preparing for trial.

F. **NO** CONTINUANCES will be granted for reasons that should have been readily apparent to the parties when this Order was issued.

G. **NO** CONTINUANCES will be granted if expert witnesses are unavailable because testimony may be preserved by deposition.

H. **NO** CONTINUANCES will be granted for reasons relating to the failure to follow this Order.

I. If a continuance is granted based on the dilatory conduct of an attorney or named party, the court may consider imposing sanctions on the attorney, the party, or both.

18. <u>MEDIATION</u>:

A. <u>Mandatory Mediation</u>: must commence no later than sixty (60) days prior to Calendar Call. The parties must comply with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, and 1.730 as to the conduct of mediation. The parties may attend mediation through the use of communication technology (remotely) if mutually agreed upon. The Court will resolve any disagreement as to where or how mediation is to be conducted. Plaintiff's counsel is appointed lead counsel to facilitate and schedule the settlement conference with the mediator and all parties.

The Court appoints:
**PETER M. WEINSTEIN**
**PO BOX 772413 CORAL SPRINGS FL 33077**
**petermweinstein@gmail.com**
**954-398-4354**
as Mediator, unless, within thirty (30) days of service of initial process on the last defendant, the parties choose a different Mediator, and file notice of that choice and the name of the substitute mediator with the Clerk of Court. Failure to attend mediation may result in sanctions.

19. <u>SANCTIONS</u>: All parties should be familiar with Florida Rule of Civil Procedure 1.380 entitled "Failure to Make Discovery; Sanctions" and section 57.105, Florida Statutes, entitled "Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation."

FAILURE TO APPEAR, FAILURE TO FOLLOW TIME REQUIREMENTS, OR FAILURE TO FILE DOCUMENTS REQUIRED BY THIS COURT MAY RESULT IN THE DISMISSAL OF THE ACTION OR THE IMPOSITION OF SANCTIONS INCLUDING THE STRIKING OF PLEADINGS.

20. <u>SETTLEMENT NOTIFICATION</u>: Parties must immediately notify the Court in the event of settlement and submit a stipulation for an Order of Dismissal. Parties shall also cancel any

and all pending hearings as a result of the settlement.

21. COMPLIANCE WITH DIVISIONAL PROCEDURES: Attorneys and self-represented litigants are required to read and comply with the division's procedures located on the 17th Judicial Circuit Court's Website (www.17th.flcourts.org). Failure to do so may result in appropriate sanctions, as permitted by law.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida on **11-06-2025** .

CACE25016457 11-06-2025 1:23 PM

_____

CIRCUIT COURT JUDGE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

CC:
**PETER M. WEINSTEIN, Email : petermweinstein@gmail.com**
**steven helfand, Email : newimage2025z@gmail.com**
**steven helfand, Email : s.helfand1400@gmail.com**
**steven helfand, Email : newimage2025z@icloud.com**

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STEVEN HELFAND,

        Plaintiff,

v.

BLOCK, INC.,

        Defendant.

_____/

CASE NO.: CACE25016457 (25)

## NOTICE OF APPEARANCE AND
## DESIGNATION OF ELECTRONIC MAIL ADDRESSES

Sara L. Solano, Esq. and Zachary D. Miller, Esq. of the law firm BURR & FORMAN LLP,

enter their appearances in the above captioned matter as counsel of record for Defendant, BLOCK,

INC.  Please forward copies of all future pleadings and correspondence to:

Sara L. Solano, Esq.
BURR & FORMAN LLP
200 East Broward Boulevard, Suite 1020
Fort Lauderdale, Florida  33301

Zachary D. Miller, Esq.
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201

Pursuant to Florida Rule of Civil Procedure 1.080 and Florida Rules of Judicial

Administration 2.515 and 2.516, the foregoing counsel also hereby designate their primary and

secondary electronic mail addresses for this matter:

1.      Sara L. Solano, Esq.
ssolano@burr.com (Primary)
rzamora@burr.com (Secondary)
FLService@burr.com (Tertiary)

63711718 v1

2.      Zachary D. Miller, Esq.
        zmiller@burr.com (Primary)
        mhadlow@burr.com (Secondary)
        sfoshee@burr.com (Tertiary)


DATED:  November 18, 2025.

                              Respectfully submitted,

                              */s/ Sara L. Solano*
                              **Sara L. Solano, Esq. (FL Bar No. 117966)**
                              BURR & FORMAN LLP
                              200 East Broward Boulevard, Suite 1020
                              Fort Lauderdale, FL 33301
                              Telephone: (954) 414-6200
                              Facsimile: (954) 414-6201
                              Email: ssolano@burr.com
                              Email: rzamora@burr.com
                              Email: flservice@burr.com

                              Zachary D. Miller, Esq. (FL Bar No. 95669)
                              BURR & FORMAN LLP
                              222 Second Avenue South, Suite 2000
                              Nashville, TN 37201
                              Telephone: (615) 724-3216
                              Facsimile: (615) 724-3316
                              Email: zmiller@burr.com
                              Email: mhadlow@burr.com
                              Email: sfoshee@burr.com

                              *Counsel for Defendant*
                              BLOCK, INC.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on November 18, 2025, I electronically filed the foregoing with the Clerk of Court by using the Florida E-Portal. **I FURTHER CERTIFY** that a copy of the aforesaid was served by electronic mail and US Mail upon:

Steven Helfand
SHAC – Attn: Guest Steven Helfand (Bunk 2)
2056 Scott Street
Hollywood, FL 33020
Email: newimage2025z@icloud.com
*Pro Se Plaintiff*


*/s/ Sara L. Solano*
Sara L. Solano, Esq. (FL Bar No. 117966)
BURR & FORMAN LLP